UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID C. LETTIERI,

          Plaintiff,

   v.                               23-CV-699-LJV
                                            ORDER

DEPARTMENT OF JUSTICE, *et al.*,

          Defendants.

_____

The *pro se* plaintiff, David C. Lettieri, was a prisoner confined at the Northeast

Ohio Correctional Center when he commenced this action under *Bivens v. Six Unknown*

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  He alleges that

during his criminal case,[2] Assistant United States Attorneys Paul E. Bonanno and

_____

[1] Lettieri filed the complaint using a form for prisoner civil rights actions under 42 U.S.C. § 1983.  Docket Item 1.  Because the complaint asserts claims arising from Lettieri's federal criminal prosecution, the Court construes those claims as brought under *Bivens*.  *See Tavarez v. Reno*, 54 F.3d 109, 109-110 (2d Cir. 1995) ("Although Tavarez brought the action under [section] 1983, the district court properly construed the complaint as an action under *Bivens* . . .").

But regardless of whether the claims are properly construed as *Bivens* or section 1983 claims, the analysis and result are the same:  Because section 1983 requires a defendant to act under color of state law, *see* 42 U.S.C. § 1983, and because *Bivens* requires the same under federal law, this action's outcome does not change based on its cause of action.  *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987) ("Courts of Appeals have held that section 1983 concepts of state action apply in determining whether action was taken 'under color of federal law' for *Bivens* purposes . . ." (citation omitted)).

[2] On June 14, 2023, a jury found Lettieri guilty of one count of enticement of a minor in violation of 18 U.S.C. § 2422(b).  *See United States v. Lettieri*, Case No. 21-cr-20, Docket Items 146, 150 (W.D.N.Y. June 14, 2023).  For several reasons, including his retention of new counsel, he has not yet been sentenced.

Maeve Huggins and Federal Bureau of Investigation ("FBI") Agent Randall E. Garver violated his right to due process and failed to protect him.[3]  Docket Item 1.  Lettieri also has moved (1) for "criminal charges" against the defendants, *id.* at 12; (2) for summary judgment, Docket Items 6 and 11; and (3) to have various individuals and entities "comply," Docket Items 6, 12, and 13.

The Court previously granted Lettieri's motion to proceed *in forma pauperis* ("IFP"), *see* Docket Item 14, and it now screens the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).  For the reasons that follow, Lettieri's complaint is dismissed and his motions are denied.

## DISCUSSION

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the complaint (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1)-(2).

---

[3] The caption of the complaint lists Garver, the Department of Justice ("DOJ"), and the FBI as the defendants, Docket Item 1 at 1, but Lettieri cannot assert *Bivens* claims against federal agencies such as the DOJ and FBI, *see FDIC. v. Meyer*, 510 U.S. 471, 484-87 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself.").  Regardless, Lettieri clearly intends to sue Garver, Bonanno, and Huggins.  *See* Docket Item 1 at 5, 12.

Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639; *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999))). But leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco*, 222 F.3d at 112.

## I.    SCREENING THE COMPLAINT

In evaluating the complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint "must plead 'enough facts to state a claim to relief that is plausible on its face,'" *Shibeshi v. City of New York*, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege some facts that support the claim. *See id.* (concluding that district court properly dismissed

3

*pro se* complaint under section 1915(e)(2) because complaint did not meet pleading standard in *Twombly* and *Iqbal*).  And even *pro se* pleadings must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *see Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004), and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

Lettieri has sued Bonanno, Huggins, and Garver in connection with their roles in his criminal case.  Docket Item 1.  A liberal reading of the complaint tells the following story.

On June 13, 2023, Garver testified that Lettieri "had signed a[n] advi[c]e of rights."  *Id.* at 12.  Lettieri "had stated this [was not true] many times to [his defense attorney,] Mehmet Kirk Okay."  *Id.*  Nevertheless, Okay "didn't show other documents that had [Lettieri's] signature."  *Id.*  Another FBI agent, Michael Hockwater, testified that Lettieri was "[i]n custody at six am," which showed a "three[-]hour gap."  *Id.*  Hockwater did not testify that the advice of rights Lettieri allegedly signed was valid.  *Id.*  Lettieri requested the original advice of rights "under Federal Rule[] of Evidence 1002," but the government refused to produce it.  *Id.*

## II.    *BIVENS* CLAIMS

To state a *Bivens* claim, a plaintiff must allege (1) "that a defendant acted under color of federal law" to (2) "deprive [the] plaintiff of a constitutional right."  *Tavarez*, 54 F.3d at 109-10.

A.      **Claims Against Bonanno and Huggins**

"[A]bsolute immunity protects a prosecutor from [civil] liability for virtually all acts,

regardless of motivation, associated with his [or her] function as an advocate." *Dory v.*

*Ryan*, 25 F.3d 81, 83 (2d Cir. 1994); *see Bouchard v. Olmsted*, 775 F. App'x 701, 703-

04 (2d Cir. 2019) (summary order) (determining that federal prosecutors were immune

from *Bivens* claims).  That immunity "appl[ies] with full force" to activities that are

"intimately associated with the judicial phase of the criminal process." *Imbler v.*

*Pachtman*, 424 U.S. 409, 430 (1976).  Indeed, prosecutorial immunity "encompasses

not only [prosecutors'] conduct of trials but all of their activities that can fairly be

characterized as closely associated with the conduct of litigation or potential litigation,

including presentation of evidence to a grand jury to initiate a prosecution, activities in

deciding not to do so, and conduct of plea bargaining negotiations." *Barrett v. United*

*States*, 798 F.2d 565, 571-72 (2d Cir. 1986) (citations omitted); *see Peay v. Ajello*, 470

F.3d 65, 66-68 (2d Cir. 2006) (extending absolute immunity to prosecutor who allegedly

conspired to present false evidence at trial).

Lettieri asserts claims based on Bonanno's and Huggins's conduct during his

trial.  Docket Item 1 at 12.  That conduct, however, is "intimately associated with the

judicial phase of the criminal process." *See Imbler*, 424 U.S. at 430; *see also*

*D'Alessandro v. City of New York*, 2016 WL 6962516, at *5 (E.D.N.Y. Nov. 28, 2016)

(collecting cases in which prosecutors received immunity for discovery-related conduct).

Lettieri's claims against Bonanno and Huggins therefore are dismissed because

Bonanno and Huggins are entitled to absolute prosecutorial immunity.  Leave to amend

is denied because amendment would be "futile."  *See Cuoco*, 222 F.3d at 112.

### B.   Claims Against Garver

Law enforcement officers are absolutely immune from claims arising from their trial testimony.  *Briscoe v. LaHue*, 460 U.S. 325, 335-36 (1983); *see, e.g.*, *Finley v. Hirsch*, 2013 WL 3450270, at *8 (D. Vt. July 9, 2013) (finding FBI agents absolutely immune from claims arising from their grand jury and trial testimony).  That immunity applies even to claims arising from false testimony.  *Briscoe*, 460 U.S. at 342-43.  Garver therefore is absolutely immune from Lettieri's claims based on his allegedly false testimony.  *See, e.g.*, *Jovanovic v. City of New York,* 486 F. App'x 149, 152 (2d Cir. 2012) (summary order) ("[T]he only avenue by which the [allegedly false evidence] could reach the jury was through [the officer's] testimony, for which he enjoys absolute immunity."); *Crespo v. Rivera*, 2018 WL 4500868, at *13 (S.D.N.Y. Sept. 19, 2018) (noting that police officer was "absolutely immune from section 1983 liability arising from false or perjured grand jury testimony" (citation omitted)).

Lettieri's claims based on the allegedly false testimony of Garver therefore are dismissed.  Leave to amend is denied because amendment would be "futile."  *See Cuoco*, 222 F.3d at 112.

## III.   MOTIONS

Because Lettieri's complaint is dismissed without leave to amend, his pending motions, Docket Items 6, 11, 12, 13; *see* Docket Item 1 at 12, are denied as moot.

## <u>ORDER</u>

In light of the above, IT IS HEREBY

ORDERED that the complaint is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), and the Clerk of the Court shall close this case; and it is further

ORDERED that Lettieri's motions, Docket Items 1, 6, 11, 12, and 13, are DENIED as moot; and it is further

ORDERED that this Court hereby certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals IFP is denied. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1982). Further requests to proceed IFP should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that Lettieri is cautioned that the continued filing of meritless pleadings and motions will lead to further sanctions,[4] including, but not limited to, an injunction against the filing of any future motions in his cases, an extension of the one-year filing injunction, and monetary fines.

---

[4] Since November 2022, Lettieri has filed more than 70 civil complaints and habeas petitions in this District, as well as more than 50 notices of appeal and dozens of motions. *See In re: David C. Lettieri*, Case No. 23-mc-32, Docket Item 18 (W.D.N.Y. Jan. 19, 2024). "[N]ot one of his cases appears to have any merit." *Id.* What is more, Lettieri "has tried to circumvent . . . this Court's orders at every opportunity." *Id.* As a result, this Court recently imposed a filing injunction to address Lettieri's pattern of abuse of the judicial process, which has "unduly burden[ed] this Court and its staff." *Id.*

SO ORDERED.

Dated:   March 13, 2024
         Buffalo, New York


                                          /s/ Lawrence J. Vilardo
                                         _____
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE